UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK GEHARGHTY WONDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-02770 |
| | ) |
| DEPARTMENT OF THE ARMY, | ) |
| OFFICE OF THE GENERAL COUNSEL | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF JOHN P. PATRICK

I, John P. Patrick, make the following declaration:

A. I serve as the Chief of the Ethics, Legislation, and Government Information Practices (ELGIP) Branch of the Administrative Law Division of the Office of The Judge Advocate General (OTJAG). I have served in this position for approximately sixteen years. I am responsible for receiving, processing, and advising the Chief of the Administrative Law Division on all Freedom of Information Act (FOIA) cases for my organization, to include direct requests, referrals, and FOIA Initial Denial Authority (IDA) reviews. As part of my duties, I am responsible for overseeing the initial denial determinations in response to FOIA requests for administrative investigations conducted by the Army under the procedures set forth in Army Regulation (AR) 15-6, Procedures for Administrative Investigations and Boards of Officers, dated April 1, 2016.

B. Based on my current position, I am familiar with the Department of the Army procedures for responding to requests for information in accordance with 5 U.S.C 552 and Army Regulation 25-55, The Department of the Army Freedom of Information Act Program, dated October 19, 2020.

C. The statements contained in this declaration are based on my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

1

# I. ACTIONS CONCERNING PLAINTIFF'S FOIA REQUEST

1. Plaintiff submitted a FOIA request on October 27, 2022, to the Fort Rucker FOIA Office, asking for a copy of an AR 15-6 investigation legal review, dated July 27, 2010. In a letter dated November 17, 2022, that office informed Plaintiff that it was referring his request to this office for processing. I note that, in response to a previous FOIA request from Plaintiff for this document, the Fort Rucker FOIA Office had released a redacted version of this legal review to him and then forwarded the document to our office for a second-level review and release determination in our capacity as the FOIA IDA for such documents, in accordance with AR 25-55. Paragraph 2, below, discusses this office's responses to Plaintiff's requests for this document.

2. The October 27, 2022, FOIA request submitted by Plaintiff was identical to two FOIA requests previously submitted by him for the AR 15-6 legal review. The first request was dated May 8, 2012, and the second request was dated April 30, 2014. Regarding the portion of the legal review not previously released by Fort Rucker, this office denied both requests for the reason discussed in Section II, below. This office notified Plaintiff of the first denial via a letter dated October 14, 2012, and this office notified Plaintiff of the second denial via a letter dated July 14, 2014. Because Plaintiff's October 27, 2022, FOIA request merely duplicated his previous two FOIA requests, this office informed him via a letter dated August 2, 2023, that it was taking no action regarding his third request for the same document. This response was consistent with Army policy concerning duplicate FOIA requests. AR 25-55 states, in pertinent part:

> Paragraph 5-8. Reasons for not releasing a record.
> Reason for not complying with a request for a record as required by 5 USC 552(a)(3):
>
> . . .
>
> *h. Duplicate request.* The request is a duplicate request (that is, a requester asks for the same information more than once). This includes identical requests received via different means (email, facsimile, mail, and courier) at the same or different times.

3. Plaintiff filed an appeal to the Army General Counsel's Office concerning our August 2, 2023, letter advising him that we were taking no action concerning his duplicate FOIA request. However, we have no record of Plaintiff filing an appeal to either our 2012 or 2014 denial letters. Both of those denial letters informed Plaintiff that he had 60 days to file an appeal through our office to the Army General Counsel's Office. Concerning the time limits for filing an appeal, the version of AR 25-55 in effect at the time of both denial letters stated, in pertinent part:

> Paragraph 5–302. Time Limits
> *a.* The requester shall be advised to file an appeal so that it reaches the appellate authority no later than 60 calendar days after the date of the initial denial letter. At the conclusion of this period, the case may be considered closed; however, such closure does not preclude the requester from filing litigation. In cases where the requester is provided several incremental determinations for a single request, the time for the appeal shall not begin until the requester

receives the last such notification. Records which are denied shall be retained for a period of 6 years to meet the statute of limitations of claims requirement.

The Army General Counsel's Office advised me that they also do not have any record of Plaintiff ever filing an appeal with their office regarding our 2012 or 2014 denial letters.

## II. EXPLANATION OF REDACTED MATERIAL

### EXEMPTION (b)(5)

4. This office denied Plaintiff's 2012 and 2014 FOIA requests for a copy of an AR 15-6 investigation legal review, dated July 27, 2010, conducted by the Fort Rucker Office of the Staff Judge Advocate (OSJA). Both denial letters from this office cited the attorney-client privilege of FOIA Exemption (b)(5) (5 U.S.C. § 552(b)(5)) as the basis for the denials.

5. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.

    a. AR 15-6 requires an appointing authority to obtain a legal review of an investigation involving serious or complex matters, such as where the incident being investigated has resulted in death or serious bodily injury, or where the findings and recommendations may result in adverse administrative action or will be relied upon in actions by higher headquarters.

        (1) In this case, the investigation concerned whether Plaintiff committed a security breach, and the investigating officer was specifically tasked with answering the following questions: Did Plaintiff deliberately reproduce and distribute For Official Use Only (FOUO) information and/or sworn statements; if so, was this done in direct violation of the Privacy Act or an Army Regulation?

        (2) The nature of these allegations fit within the scope of what is considered to be a serious matter; further, a substantiated investigation would likely result in adverse administrative action against Plaintiff. Accordingly, it was appropriate for this investigation to obtain a legal review. Note: in my experience, a legal review is provided to the investigating officer by the supporting legal office for all AR 15-6 investigations, regardless of whether they meet the criteria described above.

    b. AR 15-6 directs that the legal review will determine:

        (1) Whether an investigation complies with legal requirements.

        (2) What effects any errors would have.

        (3) Whether sufficient evidence supports the findings of the investigation or those substituted or added by the appointing authority.

3

(4) Whether the recommendations are consistent with the findings.

    c. In accordance with the above-stated AR 15-6 guidance, an attorney from the Fort Rucker OSJA provided to the investigating officer a written legal review of the investigation concerning Plaintiff. This legal review, dated July 27, 2010, is the document that Plaintiff seeks.

    d. The Army has maintained confidentiality of this July 27, 2010 attorney-client communication.

6. Foreseeable Harm. For the information withheld under Exemption 5, it is reasonably foreseeable that disclosure of this information would harm the full and free discussion of attorney-client privileged matters within the agency. Legal review memoranda authored by Army attorneys are both pre-decisional deliberative process privileged and attorney-client communications. The memorandum is pre-decisional because it memorializes analysis and advice provided to the command prior to a final decision. The memorandum is also deliberative, as it represents the opinions, advice, analysis and recommendations conveyed by attorneys during the decision-making process. Public disclosure of attorney-client communications would seriously disrupt open communication between the command and attorneys, as well as deprive government decision-makers of the full and candid advice of their counsel.

7. I am aware that Plaintiff has in his possession an unredacted copy of a different Fort Rucker OSJA legal review, dated June 23, 2010. This office has no information about the facts and circumstances concerning the release of that legal review to Plaintiff, but it does not appear to have been released in response to a FOIA request from him. There is no record of the Fort Rucker OSJA, Fort Rucker FOIA Office, or this office releasing that legal review to Plaintiff.

### III. REVIEW FOR REASONABLY SEGREGABLE INFORMATION

8. The Army's decision to withhold the July 27, 2010 legal review memorandum complies with FOIA's segregability requirement. I have reviewed the document, page-by-page and line-by-line to confirm that there are no non-exempt portions that can be segregated from the exempt portions and produced. I have determined that the document is intricately intertwined with legal analysis and no portions of it may be released beyond what was previously released to Plaintiff. No other meaningful information in the documents could be discerned without disclosing information warranting protection under the law.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the forgoing is true and correct.

Executed this 28th day of February 2024.

John P. Patrick
Chief, Ethics, Legislation, and Government
Information Practices Branch
Administrative Law Division
Office of The Judge Advocate General