UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK WONDERS,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE ARMY,<br><br>        Defendant. | Civil Action No. 23-2770 (TNM) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE MOTION <u>FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

ARGUMENT .................................................................................................................................. 1

    I.      Plaintiff Has Not Disputed His Earlier FOIA Requests are Time-Barred and He Failed Exhausted Administrative Remedies Regarding his 2022 FOIA Request... 1

    II.     Defendant Properly Applied Exemptions to the Responsive Documents .............. 2

Conclusion ...................................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**   **Page**

*Banks v. Dep't of Just.*,
   538 F. Supp. 2d 228 (D.D.C. 2008) .................................................................................. 1

*Bregman v. Perles*,
   747 F.3d 873 (D.C. Cir. 2014) .......................................................................................... 1

*Dep't of Just. v. Tax Analysts*,
   492 U.S. 136 (1989) .......................................................................................................... 2

*Dep't of Interior v. Klamath Water Users Protective Ass'n*,
   532 U.S. 1 (2001) .............................................................................................................. 3

*Hall & Assocs. v. EPA*,
   Civ. A. No. 18-1749 (RDM), 2021 U.S. Dist. LEXIS 63260, 2021 WL 1226668 (D.D.C. Mar. 31, 2021) ................................................................................................................ 4

*In re Grand Jury*,
   599 F.2d 1224 (3rd Cir. 1979) .......................................................................................... 3

*In re Kellogg Brown & Root, Inc.*,
   756 F.3d 754 (D.C. Cir. 2014) .......................................................................................... 3

*In re Lindsey*,
   158 F.3d 1263 (D.C. Cir. 1998) ........................................................................................ 3

*Kissinger v. Reps. Comm. for Freedom of Press*,
   445 U.S. 136 (1980) .......................................................................................................... 2

*Mead Data Cent., Inc. v. Dep't of Air Force*,
   566 F.2d 242 (D.C. Cir. 1977) .......................................................................................... 3

*Nat'l Inst. of Military Justice v. Dep't of Def.*,
   512 F.3d 677 (D.C. Cir. 2008) .......................................................................................... 3

*Reep v. Dep't of Just.*,
   No. 18-5132, 2018 WL 6721099 (D.C. Cir. Dec. 18, 2018) ............................................ 1

*Spannus v. Dep't of Just.*,
   824 F.2d 52 (D.C. Cir. 1987) ............................................................................................ 1

*Toensing v. Dep't of Just.*,
   890 F. Supp. 2d 121 (D.D.C. 2012) .................................................................................. 2

*Wannall v. Honeywell, Inc.*,
   775 F.3d 425 (D.C. Cir. 2014) ........................................................................................... 2

**Statutes**                                                                                                    **Page(s)**

5 U.S.C. § 552(b)(5) ................................................................................................................ 1, 3

Defendant respectfully submits this combined reply in further support of its motion to dismiss or, in the alternative, summary judgment and opposition to Plaintiff's cross-motion for summary judgment. Plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies prior to seeking judicial review. Alternatively, if the Court finds dismissal is not proper, the Court should find that Defendant properly withheld the legal review document sought by Plaintiff pursuant to the Freedom of Information Act ("FOIA") Exemption 5, 5 U.S.C. § 552(b)(5).

## ARGUMENT

### I. Plaintiff Has Not Disputed That His Earlier FOIA Requests are Time-Barred and He Failed To Exhaust Administrative Remedies Regarding his 2022 FOIA Request

Plaintiff's claim regarding his 2012 and 2014 FOIA requests are clearly time-barred. "It is 'beyond dispute' that the six-year statute of limitations set forth in 28 U.S.C. § 2401(a) applies to . . . [FOIA] requests." *Reep v. Dep't of Just.*, No. 18-5132, 2018 WL 6721099, at *1 (D.C. Cir. Dec. 18, 2018) (per curiam) (quoting *Spannus v. Dep't of Just.*, 824 F.2d 52, 55-56 (D.C. Cir. 1987)). Plaintiff does not dispute that the Army responded to the 2012 and 2014 requests, asserted the attorney-client privilege in accordance with Exemption 5 and withheld the documents. ECF No. 14. Plaintiff also does not dispute that he failed to appeal the 2012 or 2014 denials. *Id*. Plaintiff's choice to wait over a decade to file the instant claim results in this claim being conclusively time-barred, and it accordingly should be dismissed. *Bregman v. Perles*, 747 F.3d 873, 875 (D.C. Cir. 2014).

Additionally, Plaintiff has not exhausted his administrative remedies prior to seeking judicial review and has not disputed this fact. *See* ECF No. 14; *see also Banks v. Dep't of Just.*, 538 F. Supp. 2d 228, 232 (D.D.C. 2008). In response to the May 8, 2012, FOIA request, Defendant informed Plaintiff of its decision to withhold the responsive record pursuant to FOIA Exemption 5.

ECF No. 12, Patrick Decl. ¶ 2. Rather than administratively appeal the denial, Plaintiff filed identical FOIA requests in 2014 and 2022, thereby failing to administratively exhaust remedies. *See id*. ¶¶ 1-2. "[W]hen withholding decisions are made in an unexhausted request, a subsequent, identical request cannot cure a prior failure to exhaust." *Toensing v. Dep't of Just.*, 890 F. Supp. 2d 121, 136 (D.D.C. 2012).

Therefore, because Plaintiff never disputes these issues, the Court should deem them conceded and rule in favor of Defendant's motion to dismiss. *Wannall v. Honeywell, Inc.,* 775 F.3d 425, 428 (D.C. Cir. 2014).

## II.     Defendant Properly Exempted Legally a Privileged Document from Release

To prevail in a FOIA case, a plaintiff must show that an agency has: "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" *Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Kissinger v. Reps. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980)); *see also* 5 U.S.C. § 552(a)(4)(B). There is no evidence here that any agency records, or portions of those records, were improperly withheld.

The Army's Office of the Judge Advocate General provided a detailed declaration stating that it withheld the legal review memorandum Plaintiff seeks in accordance with the attorney-client privilege. 5 U.S.C. § 552(b)(5). ECF No. 12, Patrick Decl. ¶ 4. The declaration explained that the Army's procedures for administrative investigations required the appointing authority to obtain a legal review of the investigation before it could be approved. *Id*. ¶ 5. The legal review was thus drafted by an attorney at Fort Rucker, Alabama to provide legal advice to the investigating officer as well as the appointing authority. *Id*.

Plaintiff repeatedly contends that the attorney-client privilege cannot be applied to this document because it was shared with Department of Defense security adjudicators as evidence in Plaintiff's security clearance determination. *See generally*, ECF No. 14. As a threshold matter,

Plaintiff's submissions do not clearly indicate that the legal review, dated July 27, 2010, was shared at all. *Id*. Regardless, Plaintiff's contention is incorrect.

Exemption 5 applies to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Two conditions must be met for a record to qualify: "[1] its source must be a Government agency, and [2] it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, (2001); *see also Nat'l Inst. of Military Justice v. Dep't of Def.*, 512 F.3d 677, 680 (D.C. Cir. 2008). Furthermore, the attorney-client privilege is clearly a proper basis for an agency to invoke Exemption 5. *Nat'l Ass'n of Crim. Def. Lawyers v. Dep't of Just.*, 844 F.3d 246, 249 (D.C. Cir. 2016) (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980)).

The attorney-client privilege applies to a "confidential communication between attorney and client if that communication was made for the purpose of obtaining or providing legal advice to the client." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 757 (D.C. Cir. 2014); *see also In re Lindsey*, 158 F.3d 1263, 1270 (D.C. Cir. 1998). For the attorney-client privilege to apply, the communications must have occurred "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *In re Grand Jury*, 599 F.2d 1224, 1233 (3rd Cir. 1979). Thus, in the FOIA context, information withheld by the agency based on the attorney-client privilege must be "information . . . [that] was communicated to or by an attorney as part of a professional relationship" where the agency can "demonstrate[] that the information is confidential." *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 253 (D.C. Cir. 1977). There is no question—and Plaintiff has not disputed—that the legal review was created

by an agency lawyer for the purpose of providing the agency personnel with legal advice. *See* ECF No. 12, Patrick Decl. ¶ 5; *see generally* ECF No. 14.

Plaintiff's only contention relates to the maintenance of confidentiality. The Army's Office of the Judge Advocate General provided a detailed declaration indicating confidentiality was maintained. ECF No. 12, Patrick Decl. ¶ 5. Regardless, whether the document was provided to security clearance adjudicators is immaterial, because even if the legal review were shared, the individuals were not third parties, but rather Department of Defense employees requiring the legal review as part of their official duties. The Consolidated Adjudications Facility employees ("Adjudicators") referenced by Plaintiff are Department of Defense personnel tasked to determine security clearance eligibility. Defense Counterintelligence and Security Agency, About DCSA Consolidated Adjudication Services (CAS), https://www.dcsa.mil/Personnel-Security/Adjudications/About-DCSA-Consolidated-Adjudication-Services-CAS/ (last visited April 26, 2024). Plaintiff overlooks that the Army is part of the Department of Defense and therefore the legal review was never shared outside of the Department. Therefore, providing the legal review to the Adjudicators responsible for security clearance adjudications would merely have been providing the legal review to the client, the agency, and therefore is protected. *Hall & Assocs. v. EPA*, Civ. A. No. 18-1749 (RDM), 2021 U.S. Dist. LEXIS 63260, 2021 WL 1226668, at *35 (D.D.C. Mar. 31, 2021). Thus, Plaintiff's contention that confidentiality was broken is simply incorrect.

\* \* \*

## CONCLUSION

For the reasons set forth above, the Court should grant Defendant's motion and enter summary judgment in favor of Defendant.

Dated: April 29, 2023
　　　　Washington, DC

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　MATTHEW M. GRAVES, D.C. Bar # 481052
　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　BRIAN P. HUDAK
　　　　　　　　　　　　　　　　　Chief, Civil Division


　　　　　　　　　　　　　　　　　By:　　　*/s/ Patrick Doyle*
　　　　　　　　　　　　　　　　　　　Patrick A. Doyle, AZ Bar # 032173
　　　　　　　　　　　　　　　　　　　Special Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　601 D Street, NW
　　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　　(202) 252-2574
　　　　　　　　　　　　　　　　　　　Patrick.doyle@usdoj.gov

　　　　　　　　　　　　　　　　　*Attorneys for the United States of America*